CHAMBERS COPY

CHARLES D. MAY, ESQ. (Bar No. 129663)
STEPHANIE FORMAN, ESQ. (Bar No. 195757)
GENE B. SHARAGA, ESQ. (Bar No. 131661)
**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, Ninth Floor**
Sherman Oaks, California 91403-3221
Telephone: (818) 205-9955
Facsimile: (818) 205-9944
E-Mail: cmay@tharpe-howell.com
E-Mail: sforman@tharpe-howell.com
E-Mail: gsharaga@tharpe-howell.com

Attorneys for Defendant,
LOWE'S HIW, INC.

FILED
CLERK, U.S. DISTRICT COURT
DEC 17 2010
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ✓
JS-2/JS-3 ___
Scan Only ___

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| SAIMA AZAM KHAN,<br><br>  Plaintiff(s),<br><br>v.<br><br>LOWE'S HIW, INC., a Washington Corporation; and DOES 1 through 100, inclusive,<br><br>  Defendant(s). | CASE NO. CV10-7331-<u>SVW</u>-FMOx<br><br>(Ventura County Superior Court Case No. 56-2010-00375560-CU-PO-VTA)<br><br>[~~PROPOSED~~] **REMAND ORDER** |

## I. BACKGROUND

On or about June 14, 2010, SAIMA AZAM KHAN Plaintiff ("Plaintiff"), a California citizen, commenced the above-entitled civil action in the Superior Court for the County of Ventura by filing a Complaint therein originally entitled <u>SAIMA AZAM KHAN v. LOWE'S HIW, INC., a Washington Corporation, and DOES 1 to 100, inclusive,</u> Case No. 56-2010-00375560-CU-PO-VTA, against Defendant LOWE'S HIW, INC. ("Defendant"), a Washington corporation.

Plaintiff's complaint arises out of allegations that Defendant negligently maintained the premises of its Ventura, California, store location while Plaintiff was visiting the store as an invitee. Specifically, Plaintiff, alleges that she suffered

serious physical injury when she fell as a result of certain pallets and a forklift placed in an aisle at the subject store. As a result of this alleged incident, Plaintiff states that she is seeking general compensatory damages, damages for past and future medical expenditures, and loss of earnings.

Because California courts prohibit the inclusion of *ad damnun* clauses in complaints for personal injuries, plaintiff served a Statement of Damages from pursuant to *California Code of Civil Procedure* § 425.11. After plaintiff submitted a Statement of Damages in excess $75,000, defendant removed the matter to federal court pursuant to 28 U.S.C. §§ 1332 and 1441(b).

The parties have now agreed and stipulated to limit any and all recovery of damages in this matter to $75,000 or less, as evidenced by the Stipulation Capping Plaintiff's Damages and Recovery to $75,000, executed by both plaintiff and her counsel. Accordingly, the parties seek an order from this Court remanding the case to the Superior Court of California, County of Ventura, Case No. 56-2010-00375560-CU-PO-VTA.

## II. ANALYSIS

United States Code, title 28, section 1447(c), provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded.*" (Emphasis added). In light of the parties' stipulation limiting any and all recovery by plaintiff to $75,000 or less, this Court to lacks subject matter jurisdiction and must, therefore, remand the case to state court pursuant to 28 U.S.C. § 1447(c). *See Bruns v. NCUA* 122 F.3d 1251, 1257 (9th Cir. 1997) ("Section 1447(c) is mandatory, not discretionary.")

///
///
///
///

## CONCLUSION

Because the amount in controversy does not exceed $75,000, this Court lacks subject matter jurisdiction in the present case. Accordingly, the case is **REMANDED** to the Superior Court of California, County of Ventura, Case No. 56-2010-00375560-CU-PO-VTA.

SO ORDERED this 16 day of December, 2010.

_____
United States District Court Judge

Submitted By:

THARPE & HOWELL, LLP

By: _____
CHARLES D. MAY
STEPHANIE FORMAN
GENE B. SHARAGA
Attorneys for Defendant,
LOWE'S HIW, INC.